# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NIKOLA STOJSAVLJEVIC,**

        Plaintiff,

-vs-                                    **Case No. 07-C-996**

**CITY OF MILWAUKEE, et al.,**

        Defendants.

## DECISION AND ORDER

On November 9, the City of Milwaukee removed this case from Milwaukee County Circuit Court. The plaintiff, Nikola Stojsavljevic ("Stojsavljevic"), alleges that he unlawfully received citations from the City of Milwaukee for parking an unattended heavy truck. In the notice of removal, the City of Milwaukee construes this claim as an equal protection/due process claim for "selective persecution." For now, the Court agrees that this is an appropriate implication, so removal is proper insofar as the Court has subject matter jurisdiction over the complaint. *See* 28 U.S.C. § 1441(a). However, there are obvious procedural defects in the City of Milwaukee's notice of removal.

First, it appears that the notice is untimely. The defendant must file a notice of removal within thirty days after receipt of the first removable pleading. *See* 28 U.S.C. § 1446(b). The initial complaint in this matter was filed in July 2006. City of Milwaukee was served with an amended complaint on October 30, 2007, but it is not entirely clear that this most recent pleading was the pleading that made this case "removable." *See* § 1446(b) ("notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading . . .

from which it may first be ascertained that the case is one which is or has become removable"). In other words, it appears that this case was removable in July 2006, which would make the current notice of removal untimely by a wide margin.

Second, it is not apparent that all of the defendants consent to removal. *See Speciale v. Seybold*, 147 F.3d 612, 616 n.4 (7th Cir. 1998) (absent unusual circumstances, removal is only effective when all defendants consent). All of the parties listed in the caption of the amended complaint and the notice of removal appear to be related to the City of Milwaukee in some manner.[1] But to be technically correct, according to the notice of removal, the only party seeking removal is the City of Milwaukee.

Despite these procedural defects, the Court cannot remand this case to state court on its own initiative. District courts lack authority to remand *sua sponte* for purely procedural defects because the remand statute, 28 USC § 1447, requires a "motion to remand." *In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994). When there are procedural defects in a removed case, district judges "ought to wait for a motion, because . . . [a] plaintiff may forgive the procedural defect and accept the defendant's preference for a federal forum." *Id.* at 295. In other words, the defects are waivable, and they are waived if the plaintiff does not act within the 30-day period. *Id.* at 294-95; § 1447(c).

---

[1] The cover letter for filing the notice of removal states that the removal is on behalf of the defendants City of Milwaukee, Milwaukee Parking Enforcement, Milwaukee City Ordinance Enforcement Division, Milwaukee Municipal Court, Milwaukee Municipal Court Intake Court, Milwaukee Police Department, and Milwaukee City Attorney. However, the actual pleading says only that the City of Milwaukee is moving for removal. (Docket No. 1). Further adding to the confusion, the October 30 "First Amended Complaint" lists a different set of defendants: City of Milwaukee, Milwaukee Parking Enforcement Officers Darling, Jastrow, Johnson and Johnson, and Assistant City Attorney Hazel Mosley. (Docket No. 1-5).

Therefore, the plaintiff should do one of the following: (1) inform the Court that he wants to proceed in federal court, thereby waiving his objection to any procedural removal defects, or (2) move for remand within the time period set forth in § 1447(c). Hearing nothing within the appropriate time period, the Court will presume that plaintiff waives any objections to removal (aside from jurisdiction) and proceed accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2007.

**BY THE COURT:**

**s/Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**